JOSEPH L. MANCINI *vs.* BOARD OF REGISTRATION IN MEDICINE. December 6, 1983. *Doctor,* License to practice medicine.

The plaintiff, Joseph L. Mancini, a physician licensed by the Commonwealth, seeks judicial review of the decision of the Board of Registration in Medicine (board), revoking his license to practice medicine in the Commonwealth. Mancini filed a petition for a stay of the board's decision. See G. L. c. 112, § 64. A single justice denied Mancini's request for a stay of the board's order revoking Mancini's license to practice medicine. Mancini appeals to this court. On appeal he claims that it was error to revoke his license to practice medicine. We conclude that there was no error in the decision to revoke Mancini's license.

On November 24, 1980, Mancini was chief of emergency service at the Brockton Hospital. In the emergency room, a patient performed oral sex on Mancini in return for his promise to supply her with controlled substances at a later meeting. Mancini subsequently telephoned the patient and arranged to meet her on two occasions at a convenience store. At these meetings, Mancini gave the patient Class B and Class E controlled substances as well as hypodermic needles. No sexual activity took place at these meetings. The patient reported these meetings to the Brockton police department's vice and narcotic bureau and gave the police the drugs. On a third occasion the patient, wired so that police could hear the conversation, met Mancini in his automobile. Mancini gave the patient drugs. Prior to any sexual activity, Mancini was arrested.

At the hearing before the board, Mancini did not contest the facts. Rather, he offered psychiatric testimony that if he continued in psychotherapy, it would be improbable that such conduct would recur. Thus, he claims there is no evidence that if he were to continue to practice medicine, he would present a danger to public health, welfare, or safety. Mancini concludes that in these circumstances the sanction was imposed for punitive purposes, and, as a matter of law, must be reversed. We do not agree.

The board was not required to believe Mancini's expert. See *School Comm. of Wellesley* v. *Labor Relations Comm'n,* 376 Mass. 112, 120 (1978). Further, although the expert thought a recurrence of Mancini's behavioral problem prematurely to be improbable, he could not guarantee that it would not happen again. The expert said long term therapy

was required; on a prior occasion, unrelated to criminal conduct, Mancini had discontinued the treatment after a few months. The board could conclude that the public need not run the risk that such conduct would recur, either because Mancini might terminate therapy again or because therapy might prove unsuccessful.

Moreover, the board was justified in "[d]isciplining [a physician] . . . for conduct that undermines public confidence in the integrity of the profession . . . [as such discipline] is reasonably related to [the] promotion of the public health, welfare, and safety." *Raymond* v. *Board of Registration in Medicine*, 387 Mass. 708, 713 (1982). Furthermore, the board could "protect the image of the profession." *Id.* *Levy* v. *Board of Registration & Discipline in Medicine*, 378 Mass. 519, 528 (1979).

Evidence of publicity surrounding Mancini's court case was submitted to the board by Mancini. He now claims that publicity offered by him prejudiced the board. Mancini cannot expose the board to the publicity and then allege error based on their exposure to the evidence offered by him. In any event, the sanction was more than justified by the conduct which Mancini admitted to at the hearing. Mancini offered no evidence of a medical reason for his distribution of these drugs to this patient. He agreed that the drugs were given for sexual favors. On these facts, the board could decide that Mancini's license should be revoked. "It is 'well settled that in reviewing the penalty imposed by an administrative body which is duly constituted to announce and enforce such penalties, neither a trial court nor an appellate court is free to substitute its own discretion as to the matter . . . .'" *Levy, supra* at 529, quoting *Brown* v. *Gordon*, 240 Cal. App. 2d 659, 667 (1966).

This action is remanded to the single justice with directions to enter a judgment affirming the decision of the board, revoking Joseph L. Mancini's license to practice medicine.

*So ordered.*

*James M. McDonough, Jr.*, for the plaintiff.
*Ellen L. Janos*, Assistant Attorney General, for the defendant.